IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEITH LANCASTER,
    Petitioner,

vs.                                          Case No.:  3:14cv487/LAC/EMT

JULIE L. JONES,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Petitioner's Motion to Dismiss his habeas petition filed pursuant to 28 U.S.C. § 2254 (doc. 20).

The relevant provisions of Rule 41 provide:

**(a) Voluntary Dismissal.**

    **(1) By the Plaintiff.**

        **(A)** *Without a Court Order*.  Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

            **(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

            **(ii)** a stipulation of dismissal signed by all parties who have appeared.

        **(B)** *Effect*.  Unless the notice or stipulation states otherwise, the dismissal is without prejudice. . . .

    **(2)** *By Court Order; Effect*.  Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before

being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a).

It is well established that Rule 41(a)(1)(A)(i) grants a plaintiff/petitioner an unconditional right to dismiss his complaint/petition by notice and without an order of the court at any time prior to the defendant/respondent's service of an answer or a motion for summary judgment. *See* Exxon Corp. v. Md. Cas. Co., 599 F.2d 659, 661 (5th Cir. 1979) ("Rule 41(a)(1) grants a plaintiff the right to dismiss 'an action' at an early stage of the proceedings voluntarily, without prejudice, and without consent of the court.")[1]; Carter v. United States, 547 F.2d 258, 259 (5th Cir. 1977) ("As the plain terms of Rule 41(a)(1)[(A)](i) establish, a plaintiff has an absolute right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion."); Williams v. Ezell, 531 F.2d 1261, 1264 (5th Cir. 1976) ("The court had no power or discretion to deny plaintiff's right to dismiss or to attach any condition or burden to that right."); Pilot Freight Carriers v. Int'l Bhd. of Teamsters, 506 F.2d 914, 916 (5th Cir. 1975) ("Rule 41(a)(1) means precisely what it says."). The dismissal is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is required. *See* Matthews v. Gaither, 902 F.2d 877, 880 (11th Cir. 1990) (citation omitted). The fact that a notice of dismissal is styled "motion to dismiss" rather than "notice of dismissal" is without consequence. *See id.* (citations omitted).

Here, Respondent filed a motion to dismiss Petitioner's habeas petition, instead of an answer or motion for summary judgment. Therefore, Petitioner is automatically entitled to dismiss this habeas action. *See* Plains Growers, Inc. by and through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 254 (5th Cir. 1973) (defendant's filing of motion to dismiss for lack of personal jurisdiction and challenging service of process did not preclude subsequent notice of dismissal by plaintiff under Rule 41(a)(1)); Universidad Cent. Del Caribe, Inc. v. Liaison Comm. on Med. Educ., 760 F.2d 14, 19 (1st Cir. 1985); Kilpatrick v. Tex. & P.R. Co., 166 F.2d 788 (2d Cir.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981.

1948) (defendant's filing of motion to dismiss for lack of personal jurisdiction did not preclude subsequent notice of dismissal by plaintiff under Rule 41(a)(1)); La. Envtl. Action Network v. Jackson, 685 F. Supp. 2d 43, 46 (D.D.C. 2010) (plaintiff's motion to withdraw its claims against state defendant for lack of supplemental jurisdiction would be treated as notice of voluntary dismissal rather than motion to dismiss for lack of jurisdiction, and thus plaintiff had right to withdraw its claims against defendant without leave of court, even though defendant had filed a motion to dismiss for lack of subject matter jurisdiction, where defendant had not yet filed an answer to the complaint or moved for summary judgment); Cruz-Mendez. v. Hosp. Gen. Castaner, Inc., 637 F. Supp. 2d 73, 76–77 (D.P.R. 2009) (in medical malpractice action brought by plaintiffs against hospital and other defendants, voluntary dismissal of action without prejudice was appropriate; defendants' motion to dismiss for lack of subject-matter jurisdiction did not defeat right of dismissal by notice without prejudice, defendants did not answer complaint nor file motion for summary judgment). Further, Respondent has not pleaded a counterclaim, nor does it appear that Respondent will suffer "clear legal prejudice" if the habeas petition is voluntarily dismissed without prejudice; therefore, this case should be dismissed without prejudice. *See* McCants v. Ford Motor Co., 781 F.2d 855, 856–57 (11th Cir. 1986).

However, Petitioner should be aware of 28 U.S.C. § 2244(d), which establishes a one-year period of limitation for applications for writs of habeas corpus challenging state court judgments. The one-year period normally runs from date upon which the conviction became final, *see* § 2244(d)(1), but the time during which a "properly filed" application for state post-conviction or other collateral review is pending is not counted. *See* § 2244(d)(2); Artuz v. Bennett, 531 U.S. 4, 121 S. Ct. 361, 148 L. Ed. 2d 213 (2000). Furthermore, Petitioner is advised that the pendency of the instant federal habeas action does not toll the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). *See* Duncan v. Walker, 533 U.S. 167, 181, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001) (construing 28 U.S.C. § 2244(d)(2)). Additionally, the fact that the petition is dismissed without prejudice does not preclude a determination that a subsequently filed § 2254 petition is untimely or otherwise procedurally barred.

Accordingly, it is respectfully **RECOMMENDED**:

Page 4 of 4

That Petitioner's Motion to Dismiss (doc. 20) be **GRANTED** and this action dismissed without prejudice.

At Pensacola, Florida, this 14th day of July 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.